HON. JOHN C. COUGHENOR

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| TARA ANDREWS, | Civil Action |
| Plaintiff, | NO. 2:08-CV-00817-JJC |
| vs. | **DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMAITON SOLUTIONS, INC.; and TRANS UNION LLC, | |
| Defendants. | **NOTE ON MOTION CALENDAR: FEBRUARY 26, 2010** |

Defendant Equifax Information Services LLC ("Equifax"), through its undersigned counsel, submits this Motion for Partial Summary Judgment.  As discussed below, the Motion should be granted.

## INTRODUCTION

Plaintiff commenced this action against Equifax and two other defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").  Compl., ¶ 2.  Equifax is a consumer reporting agency under the FCRA and maintains a database that includes a credit file for Plaintiff.  Plaintiff alleges that:  (1) Equifax failed to conduct a reasonable reinvestigation of her disputes pursuant to 15 U.S.C. § 1681i; (2) Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit file pursuant to 15 U.S.C. § 1681e(b); and (3) Equifax furnished Plaintiff's credit report in violation of 15 U.S.C. § 1681b.  *See* Compl.  The FCRA provides for either a two-year or five-year statute of limitations for claims arising

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 1
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel:  (509) 444-3318
Fax:  (509) 838-1416

1   under the FCRA.  *See* 15 U.S.C. § 1681p.  As discussed below, the two-year limitations period applies

2   here because Plaintiff was on notice of any alleged violations.   Therefore, Plaintiff's claims for

3   violations of §§ 1681e(b) and 1681i(a) that arose prior to May 23, 2006, including claims for damages,

4   are barred by the applicable statute of limitations.  Accordingly, Equifax moves for summary judgment

5   on Plaintiff's claims that fall outside the relevant statute of limitations period and, as further discussed

6   below, Equifax's motion should be granted.

### I.      STATEMENT OF UNDISPUTED FACTS

7        Plaintiff filed her complaint against Equifax and the other defendants on May 23, 2008.  *See*

8   Compl.  Plaintiff alleges generally in the complaint that Equifax failed to comply with the requirements

9   of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681b, 1681e(b) and 1681i.  Compl., ¶¶ 11, 13.  Plaintiff

10  claims that she has suffered economic and noneconomic damages and also seeks punitive damages.  *Id*.

11  at ¶ 11.

12       Included in Equifax's database is a credit file of the Plaintiff, Tara Andrews.  Prior to May 23,

13  2006, Plaintiff contacted Equifax on at least two occasions in 2004 and 2005 to dispute information

14  appearing on her file that she claimed did not belong to her.  On September 29, 2004, Plaintiff called

15  Equifax and identified information on her credit file she believed to be inaccurately reporting.  *See*

16  Deposition of Lisa Willis attached hereto as Exhibit A ("Willis Dep."), Vol. I. 87:22-88:8; 94:15-25;

17  112:9-13.  Equifax completed its investigation and sent Plaintiff the results of that investigation and a

18  copy of her credit file on October 28, 2004.  *Id*. at Vol. I, 89:2-15; 91:1-15; 112:14:-17.  Plaintiff also

19  called Equifax on October 27, 2005 to dispute information on her credit file.  *Id*. at Vol. I, 171:14-172:2.

20  Equifax completed different aspects of Plaintiff's dispute on November 14, 2005 and then November 28,

21  2005, and sent Plaintiff the results of the investigation and a copy of her credit file to her current address

22  at the time in Des Moines, Washington.  *Id*. at Vol. I, 169:20-170:3; 171:15-172:2; 175:13-15;186:2-4;

23  209:20-25.

24       Therefore, Plaintiff was on notice of potential claims against Equifax as of the date she reviewed

25  the results of the investigations and the updated  Equifax credit files in 2004 and 2005.  On these dates,

    Plaintiff was aware of information in her file which was purportedly inaccurate.

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 2
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel: (509) 444-3318
Fax: (509) 838-1416

In addition, Plaintiff claims that Boeing Employees Credit Union (BECU) denied her credit for an auto loan prior to May 23, 2006 as well. *See* Deposition of Tara Andrews attached hereto as Exhibit B ("Andrews Dep."), 107:5-108:8; 110:12-18; 112:3-22. Plaintiff applied for a vehicle loan with BECU on January 3, 2006 and March 10, 2006. *Id.* She received notice from this credit grantor that it denied her credit applications on two occasions, January 14, 2006 and March 21, 2006. *Id.* BECU notified her on both occasions that it utilized an Equifax credit report in making its decision. *Id.*

Therefore, Plaintiff discovered the claims for violations of §§ 1681e(b) and 1681i prior to May 23, 2006. Similarly, she discovered damages arising from the BECU credit denials on January 14, 2006 and March 21, 2006, several months before the May 23, 2006.

## II.     ARGUMENT AND CITATION TO AUTHORITY

### A.     All FCRA Claims Arising Prior to May 23, 3006 Are Barred By The Applicable Statute Of Limitations.

An action to enforce any liability created by the FCRA must be brought not later than the earlier of (1) two years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) five years after the date on which the violation that is the basis for such liability occurs. 15 U.S.C. § 1681p; *Drew v. Equifax Information Services, LLC*, 2009 WL 595459, * 3 (N.D. Cal. Mar. 5, 2009). Since Plaintiff filed the complaint in this case on May 23, 2008, she would have to discover any alleged violations after May 23, 2006 not to be time-barred. Therefore, under 15 U.S.C. § 1681p, any claim that Plaintiff discovered prior to May 23, 2006 arising from a violation of the FCRA is time-barred by the two-year statute of limitations.

As detailed above, Plaintiff made at least two disputes to Equifax in 2004 and 2005. Willis Dep., Vol. I, 87:22-88:8; 89:2-15; 91:1-15; 94:15-25; 112:9-17; 169:20-170:3; 171:14-172:2; 175:15;186:2-4; 209:20-25. Any claims for violation of the FCRA relating to those disputes arose outside of the statute of limitations and are time-barred. *See* 15 U.S.C. § 1681p; *Drew*, 2009 WL 595459, at * 3. Further, Plaintiff was made aware prior to May 23, 2006 that her alleged requests to Equifax were not met when Equifax sent responses to her requests for investigation and copies of her credit files for her review. Willis Dep., Vol. I, 87:22-88:8; 89:2-15; 91:1-15; 94:15-25; 112:9-17; 169:20-170:3; 171:14-172:2;

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 3
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel:  (509) 444-3318
Fax:  (509) 838-1416

175:15;186:2-4; 209:20-25.  Therefore, since Plaintiff did not file her complaint until May 23, 2008, her claims related to the contacts identified above in 2004 and 2005 are time-barred under 15 U.S.C. § 1681p(1).

**B.      All Claims For Damages Arising Prior to May 23, 3006 Are Barred By The Applicable Statute Of Limitations.**

Any alleged violation of the FCRA relating to the January 14, 2006 and March 21, 2006 BECU credit denials arose when BECU denied Plaintiff credit on those dates.  Andrews Dep., 109:7-9; 110:18-21; 112:3-5; *see Whitesides v. Equifax Credit Information Services Inc.*, 125 F.Supp.2d 807, 812 (W.D. La. 2000) (statute of limitations begins to run each time credit was denied).  The applicable statute of limitations bars any claims brought more than two years after the date of discovery by the plaintiff of the alleged violation.  *Drew*, 2009 WL 595459 at *3.  Plaintiff was made aware of Equifax's alleged violations of the FCRA when she received notices that BECU declined her credit application and that the denials were based on the information provided by Equifax.  Andrews Dep., 107:5-112:22. Consequently, Plaintiff's claims for damages for these two credit denials are barred by the two-year statute of limitations in 15 U.S.C. § 1681p(1); *see, e.g., Drew*, 2009 WL 595459, at * 3; *Smith v. Encore Credit Corp.*, 623 F. Supp. 2d 910, 921 (N.D. Ohio 2008) (granting summary judgment on FCRA claim that was time-barred).

Since Plaintiff did not file her complaint until May 23, 2008, her alleged damages arising from the January 14, 2006 and March 21, 2006 BECU credit denials are also time-barred.

## CONCLUSION

For the reasons set forth above, Equifax requests that the Court grant its motion for partial summary judgment.

Respectfully submitted this 3rd day of February, 2010.

By: s/ K. Ann Broussard
    Kevin Breck, Esq.
    WINSTON & CASHATT, Lawyers
    Bank of America Financial Center

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 4
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel:  (509) 444-3318
Fax:  (509) 838-1416

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Spokane, Washington  99201
Phone: (509) 444-3318
Fax: (509) 838-1416
Email:  khb@winstoncashatt.com

Lewis P. Perling  (*Admitted Pro Hac Vice*)
K. Ann Broussard  (*Admitted Pro Hac Vice*)
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 215-5725
Fax: (404) 572-5100
Email: abroussard@kslaw.com

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 5
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel:  (509) 444-3318
Fax:  (509) 838-1416

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert S. Sola
Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, Oregon  97225

Christopher E. Green
225 106th Avenue NE
Bellevue, Washington  98004
***Attorneys for Plaintiff Tara C. Andrews***

By: s/ K. Ann Broussard
Kevin Breck, Esq.
WINSTON & CASHATT, Lawyers
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Phone: (509) 444-3318
Fax: (509) 838-1416
Email:

Lewis P. Perling  (*Admitted Pro Hac Vice*)
K. Ann Broussard  (*Admitted Pro Hac Vice*)
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel: (404) 215-5725
Fax: (404) 572-5100
Email: abroussard@kslaw.com

EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
- 6
2:08-cv-00817-JJC

**WINSTON & CASHATT**
Bank of America Financial Center
601 W. Riverside,  Suite 1900
Spokane, Washington  99201
Tel:  (509) 444-3318
Fax:  (509) 838-1416