**Judge John C. Coughenour**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **TARA C. ANDREWS,**<br>                     Plaintiff,<br><br>                v.<br><br>**EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS INC.; and TRANS UNION LLC,**<br>                     Defendants. | Case No. **2:08-CV-00817-JJC**<br><br>**PLAINTIFF TARA ANDREWS' MEMORANDUM IN OPPOSITION TO DEFENDANT EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 26, 2010** |

Plaintiff Tara C. Andrews ("plaintiff"), through her attorneys, files this Memorandum in Opposition to Equifax Information Services, LLC's Motion for Partial Summary Judgment.

I.      INTRODUCTION

Plaintiff has brought claims under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* against Equifax Information Services, LLC ("Equifax" or "defendant"). Plaintiff claims that Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information it reported, in violation of § 1681e(b); failed to reinvestigate plaintiff's disputes

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC      Page 1**

**Robert S. Sola, P.C.**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

consistent with the procedures in § 1681i(a); and failed to comply with other sections of the FCRA.

Equifax has moved for partial summary judgment based on the statute of limitations in § 1681p, in regard to plaintiff's claims under § 1681e(b) and § 1681i(a).  Equifax contends that, despite the "discovery" provision in § 1681p, any claim based on § 1681e(b) or i(a) that occurred prior to May 23, 2006, is barred as a matter of law. (Equifax Motion, p. 2).

Equifax's motion should be denied. Equifax has not shown that there are no issues of fact, or that it is entitled to judgment as a matter of law.

II.     STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56, a party can obtain summary judgment only if it shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).

To avoid summary judgment, the opposing party does not need to prove that the issue of fact would be resolved in its favor.  The party need only show sufficient evidence of a factual dispute to require that a judge or jury resolve the dispute at trial.  *TW Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F2d 626, 630 (9th Cir. 1987).  The judge does not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party.  *Id*.  If there is a conflict of evidence, the judge must assume the truth of the evidence set forth by the nonmoving party. *Id*. at 631. "Put another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id*.  In addition, all inferences must be drawn in the light most favorable to the nonmoving party. *Id*.

III.    ARGUMENT

A.  Statute Of Limitations For FCRA Claims

In 2003, Congress amended the statute of limitations for FCRA claims in § 1681p to include a discovery provision.  That amendment became effective in 2004.  The statute provides that an action under the FCRA must be brought

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 2:08-CV-00817-JJC     Page 2**

**Robert S. Sola, P.C.**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

1

2          "not later than the earlier of (1) 2 years after the date of discovery by the plaintiff
           of the violation that is the basis for such liability; or (2) 5 years after the date on
3          which the violation that is the basis for such liability occurs." § 1681p

4    The previous version of § 1681p required that an action be brought "within two years from the date

5    on which the liability arises…."

6          The amendment adding the discovery provision and extending the statute of limitations to

7    five years demonstrates that Congress recognized the vital importance of a consumer's private right

8    of action under the FCRA and wished to assure that those rights were not easily extinguished.  This

9    Congressional intent should govern the interpretation and application of the statute of limitations.

10   The Ninth Circuit has also recognized that the FCRA was crafted to protect consumers from the

11   transmission of inaccurate information about them, stating: "These consumer oriented objectives

12   support a liberal construction of the FCRA." *Guimond v. Trans Union Credit Information Co.*, 45

13   F3d 1329, 1333 (9th Cir. 1995).

14         B.  <u>There Are Factual Issues Regarding When Plaintiff Discovered The Violations</u>

15         As the moving party, Equifax has the burden to show there is no fact issue regarding

16   discovery. The evidence must be viewed in the light most favorable to plaintiff, and all inferences

17   drawn in favor of plaintiff. *TW Electrical Service*, 809 F2d at 630. Equifax has not met its burden.

18         Equifax argues that because plaintiff disputed information in 2004 and 2005, and received

19   results of Equifax's reinvestigations of those disputes, she automatically discovered that Equifax

20   had violated the FCRA.  That is not correct.

21         There are factual issues as to whether plaintiff received results and what was stated in

22   those results.  Moreover, even if plaintiff did receive results of reinvestigations, that alone

23   does not establish that plaintiff discovered that Equifax had violated the FCRA.

24

25

26   **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**                    **Robert S. Sola, P.C.**
     **EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT -**   8835 SW Canyon Lane, Suite 130
                                                                   Portland, OR 97225
     **2:08-CV-00817-JJC**      **Page 3**                   (503) 295-6880 (Telephone)
                                                             (503) 291-9031 (Facsimile)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1. The § 1681e(b) Claims

As Equifax frequently points out, the FCRA is not a strict liability statute. *Guimond*, 45 F3d at 1333. The mere fact that Equifax reported inaccurate information does not prove a violation. Therefore, the fact that plaintiff may have been aware that Equifax was reporting inaccurately prior to May 23, 2006 does not prove she discovered a violation.

The FCRA provision addressing accuracy is § 1681e(b). That subsection requires that credit reporting agencies follow reasonable procedures to assure maximum possible accuracy of the information they report. In *Guimond*, the Ninth Circuit stated that liability under § 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures …." *Id.* Because there is not strict liability, an agency can escape liability if it establishes that an inaccurate report was generated despite the agency's following reasonable procedures. *Id.*

There are numerous ways that inaccurate information could be on a credit report that would not necessarily be the fault of the credit reporting agency. A creditor could mistakenly tell the agency that a payment was late when it was not. An identity thief could open an account using a consumer's identification that is then reported by the creditor to the credit reporting agency. A creditor could make a typographical error in the data transmitted to the credit reporting agency, or the data could be corrupted or altered through a computer glitch.

Although plaintiff may have been aware of inaccurate information on her reports prior to May 23, 2006, Equifax has not shown that plaintiff knew the inaccuracy was the result of Equifax not following reasonable procedures. Plaintiff did not know the procedures that Equifax used to prepare her reports prior to May 23, 2006. Affidavit of Tara Andrews

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC     Page 4**

("Andrews Aff"), ¶ 4.  In fact, Equifax has not provided any evidence that plaintiff had knowledge of the procedures used by Equifax in preparing her credit reports.[1]

2. The § 1681i(a) Claims

Likewise, the mere fact that plaintiff disputed information prior to 2006 and may have received results from Equifax does not establish that plaintiff discovered that Equifax had failed to comply with the provisions in § 1681i(a).  That section sets forth the procedures that Equifax must follow upon receiving a notice of dispute from a consumer.  Among other things, Equifax must:

(1) conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate,  § 1681i(a)(1)(A);

(2) record the current status of the information within 30 days, § 1681i(a)(1)(A);

(3) notify the person that furnished the disputed information about the consumer's dispute within five business days, § 1681i(a)(2)(A);

(4) include in the notice to the furnisher all the relevant information the agency has received from the consumer, § 1681i(a)(1)(A); and

(5) review and consider all the relevant information submitted by the consumer, § 1681i(a)(4).

The statute of limitations only begins to run upon "discovery … of the violation that is the basis for such liability." § 1681p.  In order to discover a violation of § 1681i(a) for purposes of the statute of limitations, plaintiff would have to discover that Equifax did not comply with the reinvestigation procedures mandated in § 1681i(a).  Equifax has failed to prove that plaintiff knew Equifax had failed to comply with those procedures.  Equifax has not

---

[1] It was Equifax's burden to produce such evidence in support of its motion.  Therefore, it should not be allowed to attempt to introduce new evidence in a Reply, after plaintiff has pointed out its failure to meet its burden.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC     Page 5**

**Robert S. Sola, P.C.**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

1

2

presented any evidence regarding plaintiff's knowledge of the procedures Equifax used, or did not use, in reinvestigating her disputes. [2]

3

4

5

6

Equifax merely claims that plaintiff disputed information and received back results. Yet, Equifax does not actually prove that plaintiff received results of reinvestigations for disputes prior to 2006.  It merely cites some deposition testimony of its own witness that focuses on plaintiff's disputes and hardly mentions results being sent to plaintiff. [3]

7

8

9

10

11

The mere fact that Equifax believes results were sent to plaintiff does not mean that plaintiff received them.  Plaintiff does not have any results of reinvestigations from Equifax prior to June 2006.  Andrews Aff ¶ 2.  Equifax reported incorrect addresses on plaintiff's reports.  Andrews Aff ¶ 3.  So it is possible that any results Equifax believes it sent to plaintiff were sent to a wrong address and not received by plaintiff. Andrews Aff ¶ 3.

12

13

14

15

In addition, the mere receipt of results by plaintiff, even if proven, would not establish discovery of a violation.  The FCRA *requires* that Equifax send a consumer written results of reinvestigations of a consumer's dispute. § 1681i(a)(6).  Therefore, receiving results would indicate compliance with § 1681i rather than noncompliance.

16

17

18

19

20

21

Equifax also fails to present evidence that the contents of the results would have alerted plaintiff that Equifax had violated § 1681i.  The deposition testimony Equifax offers hardly mentions the actual contents of the results. Equifax may have sent out results stating that the disputed information had been corrected.  That certainly would not have caused plaintiff to discover a violation of the FCRA.  Or Equifax may have sent results indicating that disputed information had been verified as accurate.  We simply do not know.

22

23

24

25

26

[2] Equifax should not be allowed to "sandbag" plaintiff by attempting to present such evidence in its Reply after plaintiff has pointed out its failure to do so in support of its motion.
[3] Although Equifax cites pages 89 and 91 of the Willis deposition as part of Exhibit A, those pages are not included in Exhibit A, which is Document 83-2 filed with the Court.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC      Page 6**

Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Even if Equifax had submitted evidence showing the results were that disputed information had been verified as accurate, that would not establish that plaintiff discovered that Equifax had failed to comply with the provision § 1681i(a).  A furnisher could have mistakenly told Equifax that disputed information was accurate because the furnisher had inaccurate information in its own records that it relied on in investigating the dispute.

As noted above, a violation of § 1681i(a) occurs if Equifax does not follow the procedures specified in that section when it reinvestigates a dispute.  Merely receiving results of a reinvestigation does not inform plaintiff of the procedures that Equifax followed.  For example, plaintiff would not know if Equifax notified the furnisher of plaintiff's disputes within five days or whether it included all of the relevant information plaintiff provided in its notice to the furnisher.  Plaintiff simply did not know the procedures that Equifax used to reinvestigate her disputes and whether it complied with the provisions in § 1681i(a).  Andrews Aff ¶ 4.

Equifax cites *Drew v. Equifax Information Services LLC*, 2009 U.S. Dist. LEXIS 18965 (ND Cal, March 9, 2009).  The *Drew* opinion does not support Equifax's position.  In that case, the court discussed whether the plaintiff had discovered his claim under § 1681i against Experian for a failure to reinvestigate.  It concluded that it "need not decide this issue." *Id.* at *13.  So the court's comments are mere dicta.

Moreover, the facts are very different.  In *Drew*, the plaintiff said he told Experian in January 2004 it had put a fraudulent address on his credit report but that the company said they would not assist plaintiff with correcting the fraudulent address. *Id.* at *13-14.  In dicta, the court stated that this showed the plaintiff was aware of Experian's failure to conduct a reasonable reinvestigation as of January 2004. *Id.* at *14.  In our case, there is no evidence that plaintiff was aware that Equifax refused to reinvestigate any of the disputes that she submitted prior to May 23, 2006.  So even the dicta of *Drew* is not relevant.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT -**
**2:08-CV-00817-JJC     Page 7**

**Robert S. Sola, P.C.**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

1

2

A different section of the *Drew* opinion is relevant.  The court addressed an argument

by Chase that the consumer's claim based on Chase's failure to conduct a reasonable

3

investigation was barred by the statute of limitations.  The court noted that the statute of

4

limitations runs from discovery of the violation.  *Id.* at *27.  It rejected Chase's definition of

5

"the violation" as Chase's reporting of a fraudulent account.  The court said the violation is

6

Chase's failure to conduct a reasonable investigation. *Id.* at *28.  It held that there were

7

disputed facts as to when plaintiff discovered that Chase's investigation was unreasonable.  *Id.*

8

In *Saindon v. Equifax Information Services*, 608 F Supp 2d 1212 (ND Cal 2009), the

9

court also denied a motion for summary judgment that Equifax asserted based on the statute of

10

limitations.  The court held that even if Equifax could prove the consumer learned more than

11

two years before filing the complaint that a denial of credit was based on a false collection

12

account on an Equifax credit report, the jury would still have to determine whether that

13

knowledge "constituted discovery of the violation."  *Id.* at 1215.

14

C.  There Are Factual Questions Whether Plaintiff Discovered Violations Leading To

15

Credit Denials In January And March 2006

16

Plaintiff was denied credit by Boeing Employees Credit Union ("BECU") on January

17

14, 2006 and March 21, 2006.  Equifax argues that any damages arising from those two

18

denials are barred by the statute of limitations.  (Equifax Motion, p. 4).  That is not correct.

19

Equifax argues plaintiff was made aware of Equifax's alleged violations when she

20

received notices from BECU that it declined her credit application and that the denials were

21

based on the information from Equifax.  Yet a simple denial letter mentioning that information

22

came from Equifax does not prove discovery of a violation of the FCRA.  As discussed above,

23

plaintiff's knowledge that Equifax reported inaccurate information does not establish

24

discovery of a violation of § 1681e(b) because the FCRA is not a strict liability statute.

25

Plaintiff must discover that Equifax failed to follow reasonable procedures to assure the

26

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT -**
**2:08-CV-00817-JJC      Page 8**

1  maximum possible accuracy of her information, as required by § 1681e(b).  Inaccurate

2  information could get on an Equifax report without Equifax being at fault.

3      In addition, Equifax has not shown that plaintiff was even aware if Equifax reported

4  inaccurate information to BECU. In fact, page 110 from plaintiff's deposition that Equifax

5  submits in Exhibit B indicates that plaintiff did not know if Equifax was reporting inaccurate

6  information in January 2006 that went to BECU.  (Equifax Motion, Exhibit B, Andrews Depo

7  110:12-17).  Plaintiff confirms this in her affidavit, stating that when she received the BECU

8  denials in January and March 2006, she did not know if Equifax had reported false

9  information to BECU. Andrews Aff ¶ 5.

10      In *Saindon*, the court said the question whether a consumer "discovers a violation"

11  when the consumer learns that a credit denial is based on inaccurate information reported by

12  Equifax, must be resolved by a jury. 608 F Supp 2d at 1215.  Here, plaintiff did not even know

13  if the BECU denials were caused by false information from Equifax.  If plaintiff did not know

14  whether there was false reporting, she could not discover a violation.

15      The issue is even more factually complicated because, at the time of the denials,

16  plaintiff knew she had some delinquent credit accounts on her reports that were accurate.

17  Andrews Aff ¶ 5. The notices that plaintiff received from BECU stated that she was denied

18  because of delinquent past or present obligations on her Equifax credit report.  Because

19  plaintiff had accurate delinquent accounts, she could not know if the reference to delinquent

20  obligations referred to her accounts, or to false information being reported by Equifax.  These

21  facts preclude granting summary judgment to Equifax.

22      Equifax cites *Whitesides v. Equifax Credit Information Services Inc.*, 125 F Supp 2d

23  807 (WD La 2000) regarding the statute of limitations.  That case is not applicable because it

24  is based on the old statute of limitations that required filing a FCRA case within two years of

25  the date on which "liability arises."  That could be the date that a credit reporting agency fails

26  **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC     Page 9**

Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

to follow reasonable procedures, resulting in inaccurate information being sent to a potential creditor.  The consumer's knowledge was not a factor under the statute considered in *Whitesides*.

A different statute of limitations applies to this case – one that begins to run only when the consumer discovers the violation.  Equifax has failed to prove there is no issue of fact as to when plaintiff discovered Equifax violated the FCRA regarding information it provided to BECU.

IV.     CONCLUSION

Congress sought to preserve a consumer's right to bring an FCRA claim by adding the discovery provision to § 1681p.  Equifax has failed to meet its burden and prove that plaintiff "discovered the violation" prior to May 23, 2006.  This Court should deny Equifax's motion in its entirety.

Dated this 22nd day of February 2010.          Respectfully Submitted,

/s/ Robert S. Sola
Robert S. Sola, OSB # 84454 *pro hac vice*
(503) 295-6880
(503) 291-9172 (Facsimile)
rssola@msn.com

and

Christopher E. Green, WSBA # 19410
Attorney at Law
(206) 686-4558
(206) 686-2558 (Facsimile)
chris@myfaircredit.com
Attorneys for Plaintiff

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2:08-CV-00817-JJC       Page 10**

Robert S. Sola, P.C.
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 295-6880 (Telephone)
(503) 291-9031 (Facsimile)

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that I served the foregoing Plaintiff's Memorandum in Opposition to

4    Equifax's Motion for Partial Summary Judgment on the following persons:

Kevin H. Breck, Esq.                     K. Ann Broussard, Esq.
5    Winston and Cashatt                      King & Spalding, LLP
6    601 W. Riverside, Suite 1900             1180 Peachtree Street N.E.
Spokane, WA 99201                        Atlanta, GA  30309-3521

7          Of Attorneys for Defendant Equifax

8    by the following indicated method:

9
_–_        by **mailing** full, true and correct copies thereof in sealed, first-class postage prepaid
10              envelopes, addressed to them at the address set forth above and deposited with the United
States Postal Service on the date set forth below.
11

12   _–_        by **electronically mailing** full, true and correct copies to the attorney(s) set forth above on
the date set forth below.

13   _X_        by electronic delivery of full, true and correct copies through the court's **CM/ECF** system to
14              the attorney(s) set forth above on the date set forth below.

15   ____       by causing full, true and correct copies thereof to be **hand-delivered** to them at the
address set forth above on the date set forth below.

16

17   Dated this 22nd day of February 2010.        /s/ Robert S. Sola
Robert S. Sola, OSB # 84454 *pro hac vice*
18                                                (503) 295-6880
(503) 291-9172 (Facsimile)
19                                                rssola@msn.com

20                                                Christopher E. Green, WSBA # 19410
(206) 686-4558
21                                                (206) 686-2558 (Facsimile)
chris@myfaircredit.com
22                                                Attorneys for Plaintiff

23

24

25

26   **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**              Robert S. Sola, P.C.
     **EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT -**     8835 SW Canyon Lane, Suite 130
                                                                  Portland, OR 97225
     **2:08-CV-00817-JJC        Page 11**                    (503) 295-6880 (Telephone)
                                                             (503) 291-9031 (Facsimile)